Birdie Amsterdam, J.
Petitioner, a tenant in the subject apartment, seeks an order pursuant to article 78 of the Civil Practice Act, to review and annul the determination of the respondent Bent Administrator which increased the maximum rent on his apartment because of increased occupancy. Originally, the tenant resided in the apartment with his wife and two children, thus constituting four persons. Upon this tenancy of four persons his maximum rent was fixed at $83.50 monthly. Subsequently, his wife and children no longer resided with him and he thereafter took in three cousins. The landlord thereupon sought an increase in rental predicated upon the Bent Begulations which afford same where there are adult occupants who are not members of tenant’s immediate family. This increase was granted. Tenant’s protest was denied and we now have this article 78 proceeding. It is tenant’s contention that it is the number of occupants which governs the regulation — that there being four persons originally, there are still only four even though they be his three cousins and himself and not he, his wife and two children. This argument is tenuous and untenable in the face of this record and the Bent Begulations. By section 33.3 of the Bent, Eviction and Behabilitation Begulations of the City Bent and Behabilitation Administration, it is provided that rent increases are allowed where there has been an increase in the number of adult occupants who are not members of the immediate family of the tenant. The term ‘ ‘ immediate family ’ ’ is defined in subdivision 1 of section 55 of the State Bent and Eviction Begulations and subdivision a of section 55 of the New York City Bent, Eviction and Behabilitation Begulations as including only a “ son, daughter, stepson, stepdaughter, father, mother, father-in-law, or mother-in-law ”. Obviously the three cousins do not come within that category. Moreover the determination whether a landlord is entitled to a rent increase for increased occupancy is not predicated upon the number of occupants alone, but as to the addition of persons not falling within the definition of ‘ ‘ immediate family ’ ’. There is ample warrant in the record and the papers submitted hereon, for the determination made by the respondent Administrator, and same may not therefore be disturbed by the court (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1). Application is denied and the petition is dismissed.